UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHIGNTON

GREGORY TYREE BROWN,

Plaintiff,

vs.

BERNARD WARNER, et al.,

Defendants.

No. 2:13-CV-00130-JTR

REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**BEFORE THE COURT** is Defendants' March 9, 2015 motion for summary judgment. ECF No. 45. Plaintiff, who appears *pro se*, is a prisoner at the Clallam Bay Corrections Center; Defendants are represented by Assistant Attorney General Brian James Considine. The parties have not consented to proceed before a magistrate judge.

**PROCEDURAL HISTORY**

Plaintiff commenced this action on May 13, 2013, when he paid the $350.00 filing fee. ECF No. 4. His complaint was initially received on March 29, 2013. ECF No. 1. On November 21, 2013, Plaintiff filed a second amended complaint. ECF No. 12. Plaintiff alleged violations of his rights under the First, Second, Eighth, Thirteenth, and Fourteenth Amendments in connection with an altercation with another inmate and ensuing disciplinary proceedings. *Id*.

On December 2, 2013, the Court directed Defendants to respond to the allegations in Plaintiff's second amended complaint. ECF No. 13. Defendants filed a response requesting the Court dismiss all claims against Defendants. ECF No. 14. Defendants' motion to dismiss was granted in part and denied in part. The

REPORT AND RECOMMENDATION . . . - 1

Court permitted the case to proceed on Plaintiff's claim against Defendants Westfall, Shodahl and Cluever for failure to protect in violation of the Eighth Amendment (claim one) and Plaintiff's claims against Defendants Shodahl and Cluever for use of excessive force in violation of the Eighth Amendment (claims four and five). ECF No. 26. Defendants' instant motion for summary judgment requests all remaining claims be dismissed. ECF No. 45.

## LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) states a party is entitled to summary judgment in its favor if "the movant shows that there is no genuine dispute as to any material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Once the moving party has carried the burden under Rule 56, the party opposing the motion must do more than simply show there is "some metaphysical doubt" as to the material facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The party opposing the motion must present facts in evidentiary form and cannot rest merely on the pleadings. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Genuine issues are not raised by mere conclusory or speculative allegations. *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888 (1990). The Court will examine the direct and circumstantial proof offered by the non-moving party and the permissible inferences which may be drawn from such evidence. A party cannot defeat a summary judgment motion by drawing strength from the weakness of the other party's argument or by showing "that it will discredit the moving party's evidence at trial and proceed in the hope that something can be developed at trial in the way of evidence to support its claim." *T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n.*, 809 F.2d 626, 630 (9th Cir. 1987); *see also Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216 (9th Cir. 1995).

The Supreme Court has ruled that FED. R. CIV. P. 56(c) requires entry of summary judgment "against a party who fails to make a showing sufficient to

establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "A complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323. The question on summary judgment, then, is "whether the evidence is so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. at 251-252. Where there is no evidence on which a jury could reasonably find for the non-moving party, summary judgment is appropriate. *Id.* at 252.

## DISCUSSION

### A.   Deliberate Indifference

Plaintiff has asserted a claim that Defendants Westfall, Shodahl and Cluever failed to protect him from serious physical harm in violation of the Eighth Amendment. ECF No. 12 at 25-26.

The Eighth Amendment prohibits state actors from acting with deliberate indifference to an inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825 (1994). A claim based on deliberate indifference to health or safety has two elements. First, an inmate must show he was "incarcerated under conditions posing a substantial risk of serious harm." *Id.* at 834. Second, the inmate must show defendants acted with "deliberate indifference" to that risk. *Id.* Deliberate indifference is shown by proof that a prison official was "both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and that he drew the inference. *Id.* at 837. Insufficient protection of a prisoner resulting in harm inflicted by another inmate may violate a prisoner's constitutional rights. *White v. Roper*, 901 F.2d 1501, 1403-1404 (9th Cir. 1990). When a prisoner is claiming he has not been afforded adequate protection against violent acts by other inmates, the prisoner must show the prison officials' acts were deliberately indifferent to the prisoner's vulnerability. *Wilson v. Seiter*, 501 U.S. 294 (1991); *Redman v. County of San Diego*, 942 F.2d 1435, 1443 (9th Cir. 1991)

(*en banc*), *cert. denied*, 502 U.S. 1074 (1992). A prisoner may establish a failure to protect claim when the officials acted with deliberate indifference to the threat of serious harm or injury by another inmate. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Berg v. Kincheloe*, 794 F.2d 457, 460 (9th Cir. 1986). Under the deliberate indifference standard, Plaintiff must demonstrate prison officials knew he faced a substantial risk of serious harm and that they disregarded that risk by failing to take reasonable measures to abate it. *Farmer,* 511 U.S. at 847.

      Plaintiff's insufficient protection claim contends Defendants Westfall, Shodahl, and Cluever created a risk of serious physical harm to Plaintiff by ordering Plaintiff and inmate Jones to "break it up" and "[s]tand for search." ECF No. 11 at 12; ECF No. 12 ¶ 47. Plaintiff contends Defendants Shodahl, Westfall, and Cluever "reasonably knew that ordering Plaintiff to stop defending himself . . . would likely increase the risk of serious physical harm to Plaintiff." ECF No. 12 ¶ 55. Plaintiff indicates when he released inmate Jones from the headlock to comply with Defendants' orders, inmate Jones began "punching Plaintiff's right eye." Plaintiff asserts Defendants Shodahl, Westfall and Cluever took no action to stop inmate Jones from punching Plaintiff for about three minutes and merely "stood by watching the assault." ECF No. 12 ¶ 48-50.

      First, as discussed by the Court in a prior order, ECF No. 17 at 5, Defendants Westfall, Shodahl and Cluever were responding to a fight between two inmates; consequently, a directive to the fighting inmates to break it up does not evince an act of deliberate indifference. Plaintiff presents no facts demonstrating the directive was unreasonable under the circumstances or that Defendants Westfall, Shodahl, and Cluever would have reason to believe inmate Jones would punch Plaintiff when Plaintiff released him in obedience to the "break it up" order. Plaintiff alleges no facts indicating Defendants Westfall, Shodahl, and Cluever were aware this event was going to happen, they had purposefully assisted in setting it up, or they knowingly acquiesced to its occurrence.

REPORT AND RECOMMENDATION . . . - 4

Second, the evidence presented by Defendants contradicts Plaintiff's initial assertion that Defendants Westfall, Shodahl and Cluever merely stood by and watched while inmate Jones continued to attack Plaintiff for about three minutes. The fight between Plaintiff and inmate Jones commenced at approximately 11:40 a.m. on June 10, 2012. ECF No. 46, Exh. 5 ¶ 8. Defendant Shodahl first observed the fight between 11:41 and 11:42 a.m., immediately used his radio to call the fight into Air Way Base (the AHCC radio communications center), and responded to the fight at approximately 11:42:44 a.m. ECF No. 46, Exh. 5 ¶ 10. Defendant Shodahl was the first officer to arrive at the scene. ECF No. 46, Exh. 5 ¶ 11. Defendant Shodahl was unable to pull inmate Jones off of Plaintiff, but was able to grab inmate Jones' arm to prevent him from punching Plaintiff while he waited for assistance from other officers. ECF No. 46, Exh. 5 ¶ 12.

Sergeant Matthew Himlie, Defendant Cluever and Corrections Officer Scott Lutton were the next officers to arrive at the scene. ECF No. 46, Exh. 5 ¶ 13. Sergeant Himlie arrived at approximately 11:42:53 a.m., Defendant Cluever arrived at approximately 11:42:56 a.m., and Officer Lutton arrived at approximately 11:42:58 a.m. *Id*. Sergeant Himlie and Officer Lutton pulled inmate Jones off of Plaintiff while Defendant Cluever pulled Plaintiff away from inmate Jones. ECF No. 46, Exh. 6 ¶ 10; ECF No. 46, Exh. 7 ¶ 13. Corrections Officer Aaron Flack arrived at the scene at approximately 11:43:01 a.m.; Plaintiff and inmate Jones were separated at that time. ECF No. 46, Exh. 7 ¶ 14. Officer Flack assisted Defendant Cluever in securing Plaintiff so Defendant Shodahl could place mechanical wrist restraints on Plaintiff. *Id*. Corrections Officer Nicholas Lundgren arrived at the scene at approximately 11:43:23 a.m. ECF No. 46, Exh. 7 ¶ 17. Defendant Westfall arrived at the scene at approximately 11:43:28 a.m. ECF No. 46, Exh. 10 ¶ 17. Plaintiff was secured in wrist restraints by Defendant Shodahl at approximately 11:43:30 a.m. ECF No. 46, Exh. 5 ¶ 17.

///

REPORT AND RECOMMENDATION . . . - 5

Here, the directive to the fighting inmates to break it up was reasonable under the circumstances and does not constitute an act of deliberate indifference. Furthermore, it is apparent from the evidence submitted that Defendants Westfall, Shodahl and Cluever did not stand by and watch inmate Jones attack Plaintiff for three minutes. In fact, Plaintiff's affidavit in opposition to Defendants' motion for summary judgment now asserts the time between the first directive to break it up and when an officer grabbed inmate Jones was 90 seconds, not three minutes. ECF No. 62 ¶ 9. The evidence reveals Defendant Shodahl was the first to observe the fight, responded directly to the fight at approximately 11:42:44 a.m. and immediately intervened by grabbing inmate Jones' arm to prevent further harm from occurring. After learning of the fight from Defendant Shodahl's call over the radio, Defendant Cluever immediately responded to the fight at approximately 11:42:56 a.m. and pulled Plaintiff away from inmate Jones to stop the fight. Defendant Westfall did not respond immediately to the fight because, as acting Sergeant for the R-Unit, he was required to maintain safety and security within the R-Unit, his primary area of responsibility. ECF No. 46, Exh. 10 ¶ 11. Defendant Westfall responded to the fight at approximately 11:43:28 a.m. once he was satisfied his zone of control was secure.

Based on the foregoing, Plaintiff has failed to demonstrate Defendants acted with deliberate indifference to Plaintiff's health or safety by ordering Plaintiff and inmate Jones to "break it up" and "stand for search." Accordingly, the Court recommends Defendants' motion for summary judgment be granted as to Plaintiff's Eighth Amendment deliberate indifference claim against Defendants Westfall, Shodahl and Cluever.

**B.    Excessive Use of Force**

Plaintiff's fourth and fifth claims for relief argue Defendants Shodahl and Cluever used excessive force, in violation of the Eighth Amendment, when they responded to the fight between Plaintiff and inmate Jones. ECF No. 12 at 26-27.

REPORT AND RECOMMENDATION . . . - 6

An Eighth Amendment claim may be predicated on an officer's use of excessive force when interacting with a prisoner. "When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment." *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002). However, "[f]orce does not amount to a constitutional violation in this respect if it is applied in a good faith effort to restore discipline and order and not 'maliciously and sadistically for the very purpose of causing harm.'" *Id.* (quoting *Whitley v. Albers*, 475 U.S. 312, 320-321 (1986)); *see also Wilkins v. Gaddy*, 559 U.S. 34, 40 (2010) (holding that, to prevail on an excessive force claim, a plaintiff must allege "not only that the assault actually occurred but also that it was carried out maliciously and sadistically rather than as part of a good-faith effort to maintain or restore discipline"). The Court must consider the following relevant factors to determine whether the use of force was wanton and unnecessary: "the extent of injury suffered[,] . . . the need for application of force, the relationship between that need and the amount of force used, the threat [to the safety of staff and inmates] 'reasonably perceived by the responsible officials,' and 'any efforts to temper the severity of a forceful response.'" *Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (quoting *Whitley*, 475 U.S. at 322). Summary judgment in favor of Defendants is not appropriate if "it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain." *Whitley*, 475 U.S. at 322; *see also Sampley v. Ruettgers*, 704 F.2d 491, 495 (10th Cir. 1983) (holding that wantonness exists when a prison guard intends to harm an inmate).

Plaintiff contends Defendants Shodahl and Cluever "pounced on Plaintiff's back with substantial amount of body weight, thereby causing pain, and choking, smothering, and preventing him from breathing." ECF No. 12 ¶ 59. Plaintiff indicates that after 45 seconds Plaintiff gasped the words, "I can't breathe," but Defendants Shodahl and Cluever took no action to allow Plaintiff to breathe. ECF

REPORT AND RECOMMENDATION . . . - 7

No. 12 ¶ 63; ECF No. 62 ¶ 11. Plaintiff states Defendant Shodahl instead responded, "if you can talk, then you can breathe." ECF No. 12 ¶ 63; ECF No. 62 ¶ 11. Plaintiff states Defendants stayed on top of him for another 75 seconds while he was being cuffed, ECF No. 62 ¶ 13, and an additional 90 seconds after he had been cuffed, ECF No. 12 ¶ 67; ECF No. 62 ¶ 15. Plaintiff admits he moved his right hand while he was being cuffed, and claims Defendant Shodahl then pulled his hand back. ECF No. 12 ¶ 65; ECF No. 62 ¶ 13. Plaintiff asserts other officers arrived, stopped Defendants Shodahl and Cluever, and aided Plaintiff to his feet. ECF No. 12 ¶ 68. Plaintiff indicates he grew dizzy, lost consciousness and had to be lowered back down to the floor. ECF No. 12 ¶ 68. Plaintiff indicates he suffered pain, dizziness, nausea, and hot and cold spells for "several hours," as well as "serious permanent physical harm." ECF No. 12 ¶ 70. Plaintiff alleges, as a result of the actions of Defendants Shodahl and Cluever, he also suffered a serious back injury, resulting in missed meals for three months, and nerve damage to his left leg, resulting in pain for "several weeks." ECF No. 12 ¶¶ 74-75. Plaintiff avers Defendants Shodahl and Cluever "acted maliciously, sadistically, and wantonly for the purpose of causing Plaintiff serious harm." ECF No. 12 ¶ 62.

In support of their motion for summary judgement, Defendants Shodahl and Cluever maintain they applied minimal force to Plaintiff, for less than a minute, to gain control of him and restore order. ECF No. 45 at 10-14. While the facts alleged by Defendants support their position, and might well lead to a defense verdict at trial,[1] they are controverted by facts adduced by Plaintiff. *See infra*. If a

---

[1] As previously stated by the Court, it is plausible the described restraint technique utilized by Defendants Shodahl and Cluever was administered to appropriately subdue an inmate who had been observed fighting with another inmate. ECF No. 11 at 14. It appears reasonable that Defendants Shodahl and Cluever believed both inmates were "fighting" and in need of restraint, and there is

REPORT AND RECOMMENDATION . . . - 8

jury were to believe Plaintiff's allegations, the jury could conclude Plaintiff was subjected to unconstitutionally excessive force. Because the record does not clearly establish whether Defendants Shodahl and Cluever acted "maliciously and sadistically for the very purpose of causing harm" or "in a good faith effort to maintain or restore discipline," *Whitley*, 475 U.S. at 320-321 (internal quotation marks omitted), summary judgment should not be entered on Plaintiff's excessive force claims against Defendants Shodahl and Cluever.

The factual disputes to be resolved by a jury also bear on the question of whether Defendants' use of force violated clearly established constitutional rights. *Lolli v. County of Orange*, 351 F.3d 410, 421-422 (9th Cir. 2003). If Plaintiff's version of the facts prevails, "there is a reasonable likelihood that the officers would not be entitled to qualified immunity." *Id.* at 422. Therefore, summary judgment based on qualified immunity would also be inappropriate.

The Court thus recommends Plaintiff be permitted to proceed on his fourth and fifth claims for relief against Defendants Shodahl and Cluever for use of excessive physical force in violation of the Eighth Amendment.

## CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** Defendant's Motion for Summary Judgment, **ECF No. 45**, be **GRANTED in part and DENIED in part**, and this action proceed on Plaintiff's claims against Defendants Shodahl and Cluever for use of excessive force in violation of the Eighth Amendment, claims four and five.

---

no Eighth Amendment violation if force was applied in "a good-faith effort to maintain or restore discipline." *Wilkins*, 559 U.S. at 40; *Whitley*, 475 U.S. at 322-323 (prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security).

REPORT AND RECOMMENDATION . . . - 9

**OBJECTIONS**

Any party may object to a magistrate judge's proposed findings, recommendations or report within **fourteen (14)** days following service with a copy thereof. Such party shall file written objections with the Clerk of the Court and serve objections on all parties, specifically identifying the portions to which objection is being made, and the basis therefor. Any response to the objection shall be filed within **fourteen (14)** days after receipt of the objection. Attention is directed to FED. R. CIV. P. 6(d), which adds additional time after certain kinds of service.

A district judge will make a de novo determination of those portions to which objection is made and may accept, reject, or modify the magistrate judge's determination. The judge need not conduct a new hearing or hear arguments and may consider the magistrate judge's record and make an independent determination thereon. The judge may, but is not required to, accept or consider additional evidence, or may recommit the matter to the magistrate judge with instructions. *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000); 28 U.S.C. § 636(b)(1)(B) and (C), FED. R. CIV. P. 72(b)(3); LMR 4, Local Rules for the Eastern District of Washington.

A magistrate judge's recommendation cannot be appealed to a court of appeals; only the district judge's order or judgment can be appealed.

**IT IS SO RECOMMENDED.** The District Court Executive is directed to enter this Report and Recommendation, forward a copy to Plaintiff and counsel for Defendants, and **SET A CASE MANAGEMENT DEADLINE**.

DATED July 6, 2015.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE