1

2

3

4

5              UNITED STATES DISTRICT COURT

6           EASTERN DISTRICT OF WASHINGTON

7    GREGORY TYREE BROWN,

8                          Plaintiff,          NO: 2:13-CV-130-RMP

9         v.                                   ORDER ADOPTING IN PART AND
                                               REJECTING IN PART
     BERNARD WARNER, et al.,                   MAGISTRATE'S REPORT AND
10                                             RECOMMENDATION

                           Defendants.

11

12        BEFORE THE COURT are the parties' objections to United States

13   Magistrate Judge John T. Rodger's Report and Recommendation to Grant in Part

14   and Deny in Part Defendants' Motion for Summary Judgment, ECF No. 65.  Both

15   parties have filed objections to the Report and Recommendation and responses to

16   the objections of the opposing party.  *See* ECF Nos. 137-141.  The Court has

17   reviewed the pleadings and is fully informed.

18                          BACKGROUND

19        Plaintiff filed his Second Amended Complaint in this action on November

20   21, 2013, alleging violations of his rights under the First, Second, Eighth,

21   Thirteenth, and Fourteenth Amendments after Defendants responded to an

     ORDER ADOPTING IN PART AND REJECTING IN PART MAGISTRATE'S
     REPORT AND RECOMMENDATION ~ 1

1  altercation between Plaintiff and another inmate in prison.  ECF No. 12.

2  Defendants responded by moving for a dismissal of all of Plaintiff's claims, and all

3  but two of the claims were dismissed.  Plaintiff was allowed to proceed against

4  Defendants Westfall, Shodahl, and Cluever for failure to protect in violation of the

5  Eighth Amendment and against Shodahl and Cluever for use of excessive force in

6  violation of the Eighth Amendment.  *See* ECF No. 26.  Defendants then moved for

7  summary judgment regarding the two remaining claims.  *See* ECF No. 45.

8       On July 6, 2015, Magistrate Judge John T. Rodgers drafted a Report and

9  Recommendation that this Court grant in part and deny in part Defendants' Motion

10  for Summary Judgment, ECF No. 45.  *See* ECF No. 65.  Specifically, the

11  Magistrate Judge recommended that this Court grant summary judgment on

12  Plaintiff's Eighth Amendment deliberate indifference claim against Westfall,

13  Shodahl, and Cluever, but that Plaintiff should be permitted to proceed on his

14  claims for relief against Shodahl and Cluever for use of excessive force in violation

15  of the Eighth Amendment.  *See* ECF No. 65.

16       This Court has conducted a de novo review of each section of the Magistrate

17  Judge's Report and Recommendation, the parties' objections, the underlying

18  motion for summary judgment, Plaintiff's response, and relevant evidence.  This

19  Court addresses each objection in turn.

20  / / /

21  / / /

ORDER ADOPTING IN PART AND REJECTING IN PART MAGISTRATE'S
REPORT AND RECOMMENDATION ~ 2

ANALYSIS

The moving party is entitled to summary judgment when there are no disputed issues of material fact when all inferences are resolved in favor of the non-moving party. *Northwest Motorcycle Ass'n v. United States Dep't of Agric.*, 18 F. 3d 1467, 1471 (9th Cir. 1994); Fed. R. Civ. P. 56(c).  If the non-moving party lacks support for an essential element of their claim, the moving party is entitled to judgment as a matter of law regarding that claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323.  Importantly, at the summary judgment stage, the Court does not weigh the evidence presented, but instead assumes its validity and determines whether it supports a necessary element of the claim. *Id.*  In order to survive a motion for summary judgment once the moving party has met their burden, the non-moving party must demonstrate that there is probative evidence that would allow a reasonable jury to find in their favor. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 251, 106 S. Ct. 2505, 2511-12, 91 L. Ed. 2d 202 (1986).  "A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact." *F.T.C. v. Publ'g Clearing House, Inc.,* 104 F.3d 1168, 1171 (9th Cir. 1997), *as amended* (Apr. 11, 1997) (citing *Hansen v. United States,* 7 F.3d 137, 138 (9th Cir.1993) and *United States v. One Parcel of Real Property,* 904 F.2d 487, 492 n. 3 (9th Cir.1990)).

/ / /

/ / /

ORDER ADOPTING IN PART AND REJECTING IN PART MAGISTRATE'S REPORT AND RECOMMENDATION ~ 3

1    **A. Defendants' objection regarding Plaintiff's claim of excessive force**

2        There is no dispute over the fact that a violent fight broke out between

3    Plaintiff and a fellow inmate and that the fight set into motion the facts giving rise

4    to this suit.  However, the Magistrate Judge found that there is an issue of material

5    fact regarding the events surrounding the fight and the correctional officers'

6    response to the violent disruption.  *See* ECF No. 65.  After Plaintiff was punched

7    by another inmate and a fight ensued, Defendants responded to control the

8    situation, but the parties' descriptions of how that response was carried out differ

9    greatly.

10        Defendants claim that they applied minimal force to Plaintiff for less than a

11    minute in order to restore order to a hostile situation, *See* ECF No. 45 at 10-14, but

12    Plaintiff contends that they instead, "pounced on plaintiff's back with substantial

13    amount of body weight, thereby causing pain, and choking, smothering, and

14    preventing him from breathing."  ECF No. 12 at 12.  Plaintiff further alleges that

15    when he stated that he could not breathe, Shodahl responded, "If you can talk, you

16    can breathe."  *Id*.  Viewing the facts in the light most favorable to the non-moving

17    party, the Plaintiff in this case, the Magistrate Judge found that there is an issue of

18    material fact as to whether the response was excessive in violation of the Eighth

19    Amendment.  *See* ECF No. 65 at 9.

20        When dealing with inmates in a prison setting, only those inflictions of pain

21    that are deemed "unnecessary and wanton" are sufficient to establish a violation of

ORDER ADOPTING IN PART AND REJECTING IN PART MAGISTRATE'S
REPORT AND RECOMMENDATION ~ 4

1   the Eighth Amendment.  *Whitley v. Albers*, 475 U.S. 312, 319, 106 S. Ct. 1078,

2   1084, 89 L. Ed. 2d 251 (1986) (citing *Ingraham v. Wright,* 430 U.S. 651, 670, 97

3   S.Ct. 1401, 1412, 51 L.Ed.2d 711 (1977)).  As the Ninth Circuit discussed in

4   *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002):

5           When prison officials use excessive force against prisoners, they violate
        the inmates' Eighth Amendment right to be free from cruel and unusual
6       punishment.  Force does not amount to a constitutional violation in this
        respect if it is applied in a good faith effort to restore discipline and
7       order and not "maliciously and sadistically for the very purpose of
        causing harm." *Whitley v. Albers,* 475 U.S. 312, 320–21, 106 S.Ct.
8       1078, 89 L.Ed.2d 251 (1986).  This standard necessarily involves a
        more culpable mental state than that required for excessive force claims
9       arising under the Fourth Amendment's unreasonable seizures
        restriction. *Graham* [*v. Connor*]*,* 490 U.S. [386,] 398, 109 S.Ct. 1865
10      [, 104 L. Ed. 2d 443 (1989)].  For this reason, under the Eighth
        Amendment, we look for malicious and sadistic force, not merely
11      objectively unreasonable force.

12          In reviewing officers' responses to a disturbance within a prison setting,

13  courts are obligated to apply a heightened level of deference to the actions of

14  correctional officers in light of the unique dangers they face.  *See Whitley*, 475

15  U.S. at 320-21.  Only a response that is carried out "maliciously and sadistically"

16  and "for the very purpose of causing harm" will be found "unnecessary and

17  wanton." *Id.*  Additionally, the Supreme Court in *Whitley* held that, "[u]nless it

18  appears that the evidence, viewed in the light most favorable to the plaintiff, will

19  support a reliable inference of wantonness in the infliction of pain under the

20  standard we have described, the case should not go to the jury."  475 U.S. at 322.

21

ORDER ADOPTING IN PART AND REJECTING IN PART MAGISTRATE'S
REPORT AND RECOMMENDATION ~ 5

1    Defendants object to the Magistrate Judge's Recommendation to deny

2    summary judgment regarding the excessive force claim because they assert that the

3    claim is based entirely on the Plaintiff's unsupported and inadmissible declaratory

4    statements.  *See* ECF No. 68 at 7-12.  Defendants argue that all of the admissible

5    evidence in this case demonstrates that Defendants acted in a good faith attempt to

6    preserve security and order in a prison setting following a violent event.  *Id*.

7        This Court recognizes that Defendants were responding to a violent brawl

8    between two inmates in prison, and therefore are entitled to the heightened level of

9    deference that the Supreme Court applies in such situations.  *See Whitley,* 475 U.S.

10   at 320-21.  Despite the alleged factual dispute over how quickly or exactly how the

11   officers responded to the fight, the Court finds that there is no genuine issue of

12   material fact regarding whether Defendants carried out their actions "maliciously

13   and sadistically" and "for the very purpose of causing harm."  Plaintiff's

14   conclusory statements to the contrary are insufficient to overcome Defendants'

15   Motion for Summary Judgment.

16       The Magistrate Judge found that "it is plausible the described restraint

17   technique utilized by Defendants Shodahl and Cluever was administered to

18   appropriately subdue an inmate who had been observed fighting with another

19   inmate" and that "[i]t appears reasonable that Defendants Shodahl and Cluever

20   believed both inmates were 'fighting' and in need of restraint, and there is no

21   Eighth Amendment violation if force was applied in 'a good-faith effort to

ORDER ADOPTING IN PART AND REJECTING IN PART MAGISTRATE'S
REPORT AND RECOMMENDATION ~ 6

1    maintain or restore discipline.'"  ECF No. 65 at 8-9 (citing *Wilkins v. Gaddy*, 559

2    U.S. 34, 40, 130 S. Ct 1175, 1180, 175 L. Ed. 2d 995 (2010) and *Whitley*, 475 U.S.

3    at 322-323).  This Court agrees with the Magistrate Judge's statement, but

4    disagrees with his resulting recommendation.

5        This Court applies the heightened standard announced in *Whitley* and finds

6    that Defendants acted within their discretion to resolve a violent disruption in a

7    prison setting.  Despite Plaintiff presenting evidence contradicting Defendants'

8    factual account regarding how long Plaintiff was held down or the manner in

9    which he was handcuffed, Plaintiff has failed to provide any reliable evidence that

10   would demonstrate that the officers acted "for the very purpose of causing harm"

11   or that they did so "maliciously and sadistically."  There is no reliable evidence

12   that Defendants' actions were not motivated by a desire to end a violent brawl

13   between two inmates.  Due to the lack of such evidence, Defendants are entitled to

14   summary judgment regarding Plaintiff's Eighth Amendment claim of excessive use

15   of force.

16       It bears noting that the Magistrate Judge found a genuine issue of material

17   fact regarding the malicious and sadistic nature of Defendants' actions in light of

18   Plaintiff's account of what occurred.  *See* ECF No. 65 at 9.  This Court's de novo

19   review of the video and photographic evidence submitted by Defendants largely

20   corroborates the Defendants' factual account.  *See* ECF Nos. 49-50.  Plaintiff

21

ORDER ADOPTING IN PART AND REJECTING IN PART MAGISTRATE'S
REPORT AND RECOMMENDATION ~ 7

1 | objects to Defendants' assertions regarding how Defendants responded with

2 | confusing and contradictory assertions.  *See generally* ECF No. 82.

3 | For example, Plaintiff claims that the video evidence was manufactured and

4 | that he is not one of the inmates depicted as fighting, but then relies on that same

5 | video to demonstrate an alleged inconsistency in Defendants' story that Plaintiff

6 | was holding the other inmate's arm when they were punching each other.[1]  *See*

7 | ECF No. 74 at 12-13.  "When opposing parties tell two different stories, one of

8 | which is blatantly contradicted by the record, so that no reasonable jury could

9 | believe it, a court should not adopt that version of the facts for purposes of ruling

10 | on a motion for summary judgment."  *Scott v. Harris*, 550 U.S. 372, 380, 127 S.

11 | Ct. 1769, 1776, 167 L. Ed. 2d 686 (2007).  Plaintiff's bare and conclusory

12 | assertions that the video was manufactured and that Defendants acted in a

13 | malicious and sadistic nature, which is refuted by the video recording of the

14 | incident, are insufficient to create a genuine issue of material fact regarding this

15 | claim.

16 | Alternatively, if this Court were to approve of the Magistrate Judge's

17 | Recommendation to allow the excessive force claim to proceed, this Court would

18 | be obligated to conduct a qualified immunity analysis.  Prison officials carrying out

19 | their duties are immune from suit unless their behavior contravenes "clearly

20 |

21 | [1] The truth of this statement is immaterial for purposes of the pending motion.

ORDER ADOPTING IN PART AND REJECTING IN PART MAGISTRATE'S
REPORT AND RECOMMENDATION ~ 8

1  established federal law." *Torres v. City of Madera*, 648 F.3d 1119, 1127 (9th Cir.

2  2011).  The doctrine of qualified immunity serves two important and, at times,

3  competing interests: "the need to hold public officials accountable when they

4  exercise power irresponsibly and the need to shield officials from harassment,

5  distraction, and liability when they perform their duties reasonably." *Pearson v.*

6  *Callahan*, 555 U.S. 223, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009).  Qualified

7  immunity protects "all but the plainly incompetent or those who knowingly violate

8  the law." *Malley v. Briggs,* 475 U.S. 335, 341, 106 S.Ct. 1092, 1096, 89 L.Ed.2d

9  271 (1986).  "It shields government officials performing discretionary functions

10  from liability for civil damages unless their conduct violates clearly established

11  statutory or constitutional rights of which a reasonable person would have known."

12  *Clement v. Gomez*, 298 F.3d 898, 902-03 (9th Cir. 2002).

13  　　　Even if officials violate federal law, if they do so in an "objectively

14  reasonably manner," they are not liable to personal suits for monetary damages.

15  *See Macariello v. Sumner*, 973 F.2d 295, 298 (4th Cir. 1992).  Importantly,

16  qualified immunity is "an *immunity from suit* rather than a mere defense to

17  liability; and like an absolute immunity, it is effectively lost if a case is erroneously

18  permitted to go to trial" (emphasis in original).  *Scott*, 550 U.S. at 376, 127 S. Ct.

19  at 1774 (quoting *Mitchell v. Forsyth,* 472 U.S. 511, 526, 105 S.Ct. 2806, 86

20  L.Ed.2d 411 (1985)).  Accordingly, the Supreme Court has repeatedly "stressed the

21  importance of resolving immunity questions at the earliest possible stage in

ORDER ADOPTING IN PART AND REJECTING IN PART MAGISTRATE'S
REPORT AND RECOMMENDATION ~ 9

1  litigation." *Hunter v. Bryant*, 502 U.S. 224, 227, 112 S. Ct. 534, 536, 116 L. Ed.

2  2d 589 (1991).[2]

3      In determining whether the relevant law was "clearly established," this Court

4  must look at the specific context of this case.  *See Scott*, 550 U.S. at 377, *see also*

5  *Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

6  Viewing the facts in the light most favorable to Plaintiff and even accepting

7  *arguendo* that he has established that his Eighth Amendment rights were violated,

8  the Defendants' responses to a violent disturbance in prison cannot be deemed a

9  violation of clearly established law.  In light of the great deference granted to

10  prison officials in such situations, this Court finds that even if Defendants put

11  significant pressure on Plaintiff as they handcuffed him before taking him directly

12  to the medical center, their reaction can only be seen as a reasonable interpretation

13  of their obligations under the Eighth Amendment as they carried out their duties in

14  the face of a significant risk of injury.  This Court recognizes and applies what the

15  Supreme Court applied in *Whitley*: "the appropriate hesitancy to critique in

16

17  [2] *See e.g.*, *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73

18  L.Ed.2d 396 (1982); *Davis v. Scherer,* 468 U.S. 183, 195, 104 S.Ct. 3012, 3019, 82

19  L.Ed.2d 139 (1984); *Mitchell,* 472 U.S. at 526; *Malley,* 475 U.S. at 341; *Anderson*

20  *v. Creighton*, 483 U.S. at 646, n. 6, 107 S.Ct. 3034, 3042, n. 6, 97 L.Ed.2d 523

21  (1987)).

ORDER ADOPTING IN PART AND REJECTING IN PART MAGISTRATE'S
REPORT AND RECOMMENDATION ~ 10

1  hindsight decisions necessarily made in haste, under pressure, and frequently

2  without the luxury of a second chance."  475 U.S. at 320.  Therefore, in addition to

3  the finding that Plaintiff's excessive force claim should be dismissed, the Court

4  finds that Defendants have qualified immunity from suit for Plaintiff's excessive

5  force claim.

6      Accordingly, in light of Defendants' objection, this Court denies the

7  Magistrate Judge's Recommendation to deny summary judgment regarding

8  Plaintiff's Eighth Amendment claim of excessive use of force.

9      **B. Plaintiff's objection regarding claim of deliberate indifference**

10     The Magistrate Report and Recommendation correctly stated that "the

11  Eighth Amendment prohibits state actors from acting with deliberate indifference

12  to an inmate's health or safety."  ECF No. 65 at 3 (citing *Farmer v. Brennan*, 511

13  U.S. 825 (1994).  An inmate claim based on deliberate indifference requires that

14  Plaintiff demonstrate that he was "incarcerated under conditions posing a

15  substantial risk of serious harm," and that Defendants acted with "deliberate

16  indifference" to that risk.  *See Farmer*, 511 U.S. at 834.  Inmates' constitutional

17  rights may be violated if officials fail to adequately protect them from harm

18  inflicted by their fellow inmates.  *See White v. Roper*, 901 F.2d 1501, 1403-1404

19  (9th Cir. 1990).

20     Plaintiff objects to the Magistrate Judge's Recommendation that this Court

21  dismiss his Eighth Amendment claim for failure to protect.  *See generally* ECF No.

ORDER ADOPTING IN PART AND REJECTING IN PART MAGISTRATE'S
REPORT AND RECOMMENDATION ~ 11

74.  His claim is premised on the unsupported assertion that prison officials have

promulgated a policy requiring inmates who are assaulted "to lay still and do

nothing to resist the assault," which he argues subjects him to "sadistic practices

that pose a serious danger to all prisoners."  ECF No. 74 at 1, 3.  Plaintiff argues

that Defendants demonstrated deliberate indifference to his being attacked by a

fellow inmate, and he supports this claim by arguing that "a reasonable jury could

find that Westfall's, Shodahl's, and Cluever's order to 'break it up' was an order

that Brown lay still and allow Jones to pummel him, and such created an obvious

danger that predictably led to Brown's injuries."  *Id*. at 5.

      This Court finds that Plaintiff's argument is baseless and that Defendants'

order to "break it up" was a reasonable response to an ongoing fight that in no way

could be interpreted to mean that one inmate should lie still while another inmate

would be allowed to beat him.  The order was directed at both inmates

participating in the fight, and Defendants acted to enforce that order by taking

physical action.  Plaintiff's argument implies that this claim would not have arisen

if Defendants let all fights continue endlessly while the fighting inmates be

allowed to "defend" themselves; to the contrary, that course of action would be

much more likely to result in a viable claim for deliberate indifference and failure

to protect inmates.

      Plaintiff also objected to the standard applied by the Magistrate Judge when

he determined that Plaintiff had failed to show Defendants would have "reason to

ORDER ADOPTING IN PART AND REJECTING IN PART MAGISTRATE'S
REPORT AND RECOMMENDATION ~ 12

1   believe inmate Jones would punch Plaintiff when Plaintiff released him in

2   obedience to the 'break it up' order."  ECF No. 74 at 6.  Plaintiff cites *Farmer*, 511

3   U.S. at 842, to argue that Defendants did "not have to believe that harm will

4   actually occur, as long as they have actual knowledge of the risk."  ECF No. 74 at

5   6.  Contrary to Plaintiff's assertions, the Magistrate Judge properly cited that same

6   case, to properly apply the same standard, and this Court upholds the same result.

7   Defendants acted reasonably in light of the risks of which they were aware.

8         In objecting to the Magistrate Judge's Recommendation to grant summary

9   judgment regarding the deliberate indifference claim, Plaintiff raises numerous

10  arguments regarding the evidence reviewed by the Magistrate Judge and that is

11  now before this Court.  *See* ECF No. 74 at 8-15.  Although the substance of these

12  objections is unclear, Plaintiff asserts that the Magistrate Judge improperly

13  excluded his evidence based on immaterial inconsistencies and improperly adopted

14  Defendants' factual account.  *Id*. at 8-11.  That is a mischaracterization of the

15  Report and Recommendation as the Magistrate Judge properly considered evidence

16  from both parties but properly evaluated the weight that should be afforded to

17  differing factual accounts while viewing the evidence in the light most favorable to

18  the Plaintiff.  *See generally* ECF No. 65.

19        Without any supporting evidence, Plaintiff raises multiple allegations of

20  dishonesty on the part of Defendants, including that they fabricated video

21  evidence.  *See* ECF No. 11-15.  Although Plaintiff cites case law for what this

ORDER ADOPTING IN PART AND REJECTING IN PART MAGISTRATE'S
REPORT AND RECOMMENDATION ~ 13

1   Court should do with fabricated evidence and dishonest testimony, there is no

2   evidence that any of that applies to the present case, and Plaintiff fails to show any

3   support for these claims.  Having conducted a de novo review of the Magistrate

4   Judge's determinations, this Court finds that there is no cause to sustain any of

5   Plaintiff's evidentiary objections.

6        Finally, Plaintiff argues that Defendant Westfall should be found liable for

7   his deliberate indifference in acquiescing and approving of the excessive force

8   allegedly used by Defendants Shodahl and Cluever.  *See* ECF No. 74 at 16-17.  As

9   addressed above, the actions taken by Defendants Shodahl and Cleuver did not

10  constitute excessive force or violate Plaintiff's rights, so their supervisor cannot be

11  held vicariously liable for nonexistent claims.  Additionally, Plaintiff failed to cite

12  any legal support for the claim that a prison official may be held liable for "failing

13  to report risks" and "praising" the actions of other officers.  *Id.*

14       In light of the foregoing considerations, this Court overrules Plaintiff's

15  objections and adopts and approves of the Magistrate Judge's Recommendation to

16  grant summary judgment regarding Plaintiff's Eighth Amendment claim for failure

17  to protect.

18       Accordingly, **IT IS HEREBY ORDERED**:

19       1. The Report and Recommendation, **ECF No. 65**, is **ADOPTED IN**

20          **PART** and **REJECTED IN PART**.

21

ORDER ADOPTING IN PART AND REJECTING IN PART MAGISTRATE'S
REPORT AND RECOMMENDATION ~ 14

1      2.  Defendant's Motion for Summary Judgment, **ECF No. 45**, is

2          **GRANTED IN ITS ENTIRETY**.

3      The District Court Clerk is directed to enter this Order, enter Judgment

4   accordingly, and provide copies to counsel and to pro se Plaintiff.

5      **DATED** this 16th day of November 2015.

6

7                          _s/ Rosanna Malouf Peterson_
                         ROSANNA MALOUF PETERSON
8              Chief United States District Court Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

ORDER ADOPTING IN PART AND REJECTING IN PART MAGISTRATE'S
REPORT AND RECOMMENDATION ~ 15